```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

PATRICIA EVANS              :
                            :          CIVIL ACTION
        v.                  :
                            :          NO. 03-4975
FEDERAL RESERVE BANK OF     :
PHILADELPHIA                :

### MEMORANDUM

**Padova, J.**                                    **June 2, 2005**

Presently before the Court in this Title VII action is Plaintiff Patricia Evans' *pro se* Motion for Reconsideration of this Court's Memorandum and Order denying Plaintiff's Motion for a New Trial and to Set Aside Jury Verdict.[1]  For the reasons that follow, said Motion is denied in its entirety.

I.   BACKGROUND

Plaintiff Patricia Evans was employed as a Human Resources Recruiter at the Federal Reserve Bank of Philadelphia (the "Bank") from on or about July 5, 2000 to on or about November 7, 2001.  In late 2001, while Plaintiff was still employed by the Bank, Plaintiff recommended three men from Africa who had been her parking lot attendants for employment with the Bank.  Although Plaintiff believed that these three individuals were qualified for the jobs for which they had applied, some of Plaintiff's co-workers in hiring positions declined to extend them job offers.  At the

---

[1] The Court previously ordered that Plaintiff's letter to the Court dated April 18, 2005 would be considered as a formal Motion for Reconsideration on the basis of arguments raised by Plaintiff in a prior undated letter to the Court which was received in February 2005.  (04/22/2005 Orders; Doc. Nos. 66, 68.)

same time, Plaintiff's co-workers began to criticize her recruiting practices, and Plaintiff brought the increasingly hostile work environment to her supervisors' attention.  On November 7, 2001, Plaintiff was discharged from her employment with the Bank.  The Bank stated that the reasons for Plaintiff's termination were that she had exercised poor judgment in the performance of her job duties and that she had violated the Bank's employee policies against holding and campaigning for political office.  Plaintiff alleges that, in fact, she was terminated in retaliation for her opposition to the Bank's unlawful employment policies, as evidenced by her fellow employees' reluctance to hire the three African job applicants.

After her discharge, Plaintiff filed the instant action. Count I of Plaintiff's Complaint asserted a claim for retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.,* against the Bank.  Count II of the Complaint asserted a claim for retaliation in violation of the Pennsylvania Human Relations Act ("PHRA") against the Bank.  Count III of the Complaint asserted a claim for aiding and abetting Retaliation in violation of the PHRA against individual Bank employees.  Defendants filed a joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.  The Court granted in part and denied in part Defendants' Motion, and dismissed Counts II

and III of the Complaint.  Accordingly, the sole issue that was tried was Plaintiff's claim for retaliation in violation of Title VII.  After a five-day trial, the jury returned a verdict in favor of the Bank and against Plaintiff.  Plaintiff's counsel then filed a Motion for a New Trial and to Set Aside Jury Verdict, which this Court denied by Memorandum and Order dated April 5, 2005.  Presently before the Court is Plaintiff's *pro se* Motion for Reconsideration of the Court's April 5, 2005 Memorandum and Order.

II. LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A motion for reconsideration will only be granted if the moving party establishes: (1) the existence of newly available evidence; (2) an intervening change in the controlling law; or (3) a need to correct a clear error of law or prevent manifest injustice.  Pub. Interest Research Group of N.J. v. Magnesium Elektron, 123 F.3d 111, 116-17 (3d Cir. 1997).  Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of judicial resources.  Moyer v. Italwork, Civ. A. No. 95-2264, 1997 WL 312178, at *3 (E.D. Pa. June 3, 1997).

III. DISCUSSION

Plaintiff argues that the Court committed clear errors of law

when it failed to grant her Motion for a New Trial and to Set Aside Jury Verdict on the following four grounds: (1) the jury, as empaneled, was not competent; (2) the jury's verdict was against the weight of the evidence; (3) the jury, as empaneled, did not comply with the provisions of the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861-69; (4) Defendant impermissibly used a peremptory challenge to strike an Asian male from the jury; and (5) the jurors selected were not Plaintiff's peers.  The Court will address each of Plaintiff's contentions in turn.

    A.   <u>Jury Competency</u>

Plaintiff argues that the jury, as empaneled, was not competent because: (1) the Court did not strike for cause a juror who had stated that a relative many years ago used to work for Defendant; (2) three female jurors could not have been fair and impartial because they were laughing and giggling during the voir dire process; and (3) the jurors did not understand the jury charge given by the Court because one juror was asleep and one juror coughed.  It is well-settled that "questions concerning the competency of a jury ordinarily are not entertained once the jury has rendered its verdict." <u>Virgin Islands v. Nicholas</u>, 759 F.2d 1073, 1078 (3d Cir. 1985).  This general rule can only be overcome by a "*strong showing* that a juror was incompetent."  <u>Id.</u>  Here, Plaintiff's counsel did not voice any concern regarding the competency of the jury at trial.  Indeed, the Court questioned the

juror whose relative many years ago had worked for Defendant about his ability to remain impartial, and Plaintiff's counsel was satisfied with the juror's answer, did not request that the juror be struck for cause, and later stated that the selected jury was satisfactory as seated. Plaintiff has submitted no evidence tending to establish that this juror was not, in fact, impartial.

Similarly, counsel for Plaintiff at no time suggested that any of the members of the jury panel had been inattentive at any point during the trial. It is well-recognized that it

> would be fundamentally unfair and injuries to the public interest to permit a party, whose counsel is aware of alleged juror misconduct during the trial, to 'gamble on a favorable verdict by remaining silent, and then complain in a post verdict motion that the verdict was prejudicially influenced by that misconduct.

Rayburn v. Bell Helicopter Textron, Inc., 77 F. Supp. 2d 638, 642 (E.D. Pa. 1999) (internal quotations omitted). Moreover, Plaintiff has submitted no evidence which would tend to support her allegations of alleged juror misconduct, nor did this Court independently observe any misconduct taking place. Accordingly, the Court finds that Plaintiff has failed to establish the necessary strong showing that the jury was not competent, and Plaintiff's Motion for Reconsideration is denied in this respect.

B. <u>Verdict's Evidentiary Basis</u>

Plaintiff also argues that the Court should reconsider its

Memorandum and Order denying her Motion for a New Trial because the jury's verdict was quick, preconceived, excessively partial and against the weight of the evidence. The Court has previously ruled that "there was sufficient evidence for the jury to conclude that Plaintiff had not engaged in a protected activity," and that "the brevity of jury deliberations does not by itself justify a new trial." Plaintiff has not presented any argument which would establish that this Court made a clear error of fact or law in its prior determination. Moreover, Plaintiff has not presented any evidence which would establish that the jury's verdict, though not against the weight of the evidence, was preconceived or excessively partial. Certainly the mere fact that the jury rendered a verdict against Plaintiff and for Defendant does not give rise to an inference that such verdict was improper. Accordingly, Plaintiff's Motion for Reconsideration is denied in this respect.

    C.    <u>Compliance with Jury Selection and Service Act of 1968</u>

Plaintiff next argues that the Jury Selection and Service Act of 1968 (the "Jury Selection Act") was violated because the jurors did not reflect a cross-section of the community where Defendant is located or Plaintiff resides. The Jury Selection Act provides that "[i]t is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court

convenes." 28 U.S.C. § 1861. In civil cases, parties may challenge a court's compliance with the Jury Selection Act "before the voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds [for the challenge], whichever is earlier, [and move] to stay the proceedings . . . ." Id. § 1867. "Compliance with the procedural provisions of the Act is the exclusive means of challenging the jury on the basis of a violation of the statute." Virgin Islands v. Navarro, 513 F.2d 11, 18 (3d Cir. 1975). Here, Plaintiff did not challenge the Court's compliance with the Act within the requisite time period or move to the stay proceedings. Accordingly, the Court finds that Plaintiff has failed to comply with the procedures established by the Jury Selection Act, and Plaintiff's Motion for Reconsideration is denied in this respect.

    4.   Peremptory Challenge

Plaintiff next argues that Defendant impermissibly exercised a peremptory challenge to an Asian male who was the only non-Caucasian juror on the panel, thereby preventing the selection of a jury which would have adopted an alternate or mutual perspective based on its relationship to Plaintiff's professional work experience, ethnicity, social and professional culture and

demographics.[2]  In <u>Batson v. Kentucky</u>, the United States Supreme Court established the unconstitutionality of the use of race-based peremptory challenges in criminal trials.  <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986).  The principles set forth in <u>Batson</u> were later extended to include civil litigants.  <u>Edmonson v. Leesville Concrete Co.</u>, 500 U.S. 614 (1991).  It is well-established that "failure to make a timely objection during jury selection waives a <u>Batson</u> claim."  <u>Bastien v. Dragovich</u>, 128 F. Supp. 2d 204, 213 (M.D. Pa. 2000) (citations ommitted).  Here, Plaintiff's counsel did not object to Defendant's use of peremptory challenges during jury selection or at any other time during trial.  Accordingly, the Court finds that Plaintiff has waived any <u>Batson</u> challenge in this case, and Plaintiff's Motion for Reconsideration is denied in this respect.

    5.   <u>Jury of Peers</u>

Finally, Plaintiff argues that her federal constitutional right to a jury of her peers was violated because the jury selected did not share Plaintiff's ethnicity, work history, professional and social culture, demographics, and life experience.  The Seventh Amendment guarantees the right of trial by a jury of one's peers in suits of common law where the value in controversy exceeds twenty dollars.  U.S. Const. amend. VII.  "Under our constitution, a jury

---

[2] The Court notes that Plaintiff is African-American.

of one's peers means a fair sampling of a cross-section of the citizenry of the vicinage in which the case is to be tried." Henry v. State Farm Ins. Co., 788 F. Supp. 241, 244 (E.D. Pa. 1992). To satisfy this requirement, "petit juries must be drawn from a source fai[r]ly representative of the community[,] [but there is] no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population." Taylor v. Louisiana, 419 U.S. 522, 538 (1975). While parties therefore "are not entitled to a jury of any particular composition[,] . . . the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." Id. (citations omitted). Moreover the Supreme Court has held that in order to establish a violation of the fair-cross-section requirement of the Seventh Amendment, a plaintiff must show

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

Duren v. Missouri, 439 U.S. 357, 364 (1979).

Here, Plaintiff has not argued that the jury venire itself,

rather than the jury actually selected, impermissibly excluded persons on the basis of their ethnicity, work history, professional and social culture, demographics, and life experience. Moreover, Plaintiff has not produced any evidence tending to establish that such persons are distinctive groups in the community, that such groups were not in fact fairly and reasonably represented in the jury venire, or that they were systematically excluded during the jury selection process. See id. Accordingly, the Court finds that Plaintiff has failed to establish that her constitutional right to a jury of peers was violated, and Plaintiff's Motion for Reconsideration is denied in this respect.

## IV. CONCLUSION

Plaintiff has failed to establish that the Court committed clear errors of fact or law when it denied Plaintiff's Motion for a New Trial. Plaintiff's *pro se* Motion for Reconsideration is, therefore, denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA EVANS | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 03-4975 |
| FEDERAL RESERVE BANK OF | : | |
| PHILADELPHIA | : | |

### **O R D E R**

**AND NOW,** this 2nd day of June, 2005, upon consideration of Plaintiff Patricia Evans' Motion for Reconsideration (Doc. No. 69) and all documents in response thereto, **IT IS HEREBY ORDERED** that said Motion is **DENIED.**

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.